WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Mustafa Erdem, Mohammed F. Ali, M Square Business Ventures, LLC,<br><br>Defendants. | No. CV-12-01283-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 26). The Court now rules on the Motion.

The Clerk of the Court entered default on January 24, 2013. (Doc. 25). Plaintiff now seeks default judgment in the amount of $111,200.00. Plaintiff's damages are broken down into three categories: 1) statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); 2) enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and 3) conversion damages pursuant to Arizona law. Plaintiff seeks $10,000, $100,000, and $1,200, in the respective categories.

Statutory damages are appropriate when actual damages cannot be easily proven. *J & J Sports Prods., Inc. v. Canedo*, No. C 09-01488 PJH, 2009 WL 4572740, *5 (N.D. Cal. 2009). "Under § 605(e)(3)(C)(i)(II), an aggrieved party may recover 'a sum not less than $1,000 or more than $10,000, as the court considers just' for each violation." *J & J Sports Prods. Inc. v. Miramontes*, No. CV-10-02345-PHX-FJM, 2011 WL 892350, at *2

(D. Ariz. March 14, 2011) (internal citation omitted). Further, "[a]n award of damages should deter future conduct but not destroy the business." *Id.* (quoting *Kingvision Pay–Per–View v. Lake Alice Bar*, 168 F.3d 347, 360 (9th Cir. 2009)).

In awarding statutory damages, courts in this district have considered factors such as the maximum capacity of the commercial establishment, the total number of patrons present at the time of the unauthorized showing, and the amount defendant would have paid if it had purchased the rights to show the broadcast. *See*, *e.g.*, *id.*

In this case, Defendants' establishment had a maximum of 31 patrons at the time the boxing match was broadcast and had a maximum capacity of 50 patrons. (Doc. 26-3 at 2-3).[1]  Based on the size of the establishment and number of patrons present, the Court finds a $2,000 penalty to be appropriate and will award $2,000 under § 605(e)(3)(C)(i)(II).

Further, "[e]nhanced damages are awarded upon a showing that defendant acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain.  Under § 605(e)(3)(C)(ii), the court may award up to $100,000 . . ." *Miramontes,* 2011 WL 892350, *2.  In deciding whether to award enhanced damages,

> Courts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices. *See Kingvision Pay–Per–View v. Gutierrez,* 544 F.Supp.2d 1179, 1185 (D. Colo. 2008). Some courts find the mere unauthorized showing of a program sufficient to award enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit. *See Entertainment By J & J, Inc. v. Al–Waha Enter., Inc.,* 219 F.Supp.2d 769, 776 (S.D. Tex. 2002).

*Id.*

---

[1] Because the Court awards Plaintiff actual damages with regard to its conversion claim, the Court has not taken the actual damages incurred by Plaintiff into account when determining statutory damages to avoid duplicative recovery.

1 Here, there is no evidence of substantial unlawful monetary gains, advertising, cover charges, or premium drink or menu prices. Plaintiff alleged that Defendants' showing of the fight was willful and that allegation is accepted as true for purposes of default judgment. (Doc. 1 at 6, ¶ 25). Plaintiff has submitted evidence that a few other cases have been brought against this establishment. (Doc. 26-4). Thus, some measure of enhanced damages is appropriate, but not the statutory maximum of $100,000 that Plaintiff seeks. Because Plaintiff has shown willfulness and one aggravating factor, the Court finds $20,000 in enhanced damages to be appropriate. *See Joe Hand Promotions, Inc. v. Coen*, No. CV 11-2531-PHX-JAT, 2012 WL 2919710, *2 (D. Ariz. July 17, 2012) (awarding $10,000 in enhanced damages for deterrence purposes).

Plaintiff also requests summary judgment on its conversion claim. "Conversion is any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein." *Scott v. Allstate Ins. Co.*, 553 P.2d 1221, 1225 (Ariz. Ct. App. 1976). Under Arizona law, "the measure of conversion damages includes not only the value of the property taken, but also other damage suffered because of the wrongful detention or deprivation of the property." *Collins v. First Fin. Servs., Inc.,* 815 P.2d 411, 413 (Ariz. Ct. App. 1991).

Here, Plaintiff has shown that it had exclusive commercial distribution rights over the Program and, if Defendants had obtained a sublicense to broadcast the program in an establishment with a maximum fire code occupancy of 50 persons, the commercial sublicense fee would have been $1,200. (Doc. 27 at 11). Accordingly, Plaintiff is entitled to damages on its conversion claim in the amount of $1,200, the amount Plaintiff would have been paid had Defendants lawfully paid for the right to show the program.

**IT IS ORDERED** granting Plaintiff's Motion for Default Judgment (Doc. 26) as specified above; the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendants in the amount of $23,200. Plaintiff may move for attorneys' fees as

1  provided in the Local Rules of Civil Procedure.[2]

2  Dated this 19th day of September, 2013.

James A. Teilborg
Senior United States District Judge

---

[2] Statutory and Enhanced Damages arise under Court I of the Complaint. Conversion Damages arise under Count III of the Complaint. Count II of the Complaint seeks $60,000 under 47 U.S.C. § 553. Because the motion for default judgment does not mention this claim at all, the Court deems it to be dismissed with prejudice with Plaintiff to take nothing on Count II.