| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Mustafa Erdem, et al.,<br><br>Defendants. | No. CV-12-01283-PHX-JAT<br><br>**ORDER** |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Pending before the Court is Plaintiff's Motion for Award of Costs and Attorneys' Fees. (Doc. 30). The Court now rules on the motion.

I.  **BACKGROUND**

Plaintiff G & G Closed Circuit Events, LLC, ("G & G Events") filed a Complaint in this Court on June 14, 2012. (Doc. 1). G & G Events alleged that Defendants Mustafa Erdem, Mohammed F. Ali, and M Square Business Ventures LLC, each individually and doing business as Gus's New York Pizza (collectively "Defendants"), violated 47 U.S.C. § 605 by their unauthorized publication or use of communications (i.e., the transmission of *Strike Force: "World Grand Prix": Alistair Overeem v. Fabricio Werdum* (the "Program")) for which G & G Events had the distributing rights. G & G also alleged that Defendants violated 47 U.S.C. § 553 by their unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program. Lastly, G & G Events alleged that Defendants tortuously converted the Program under Arizona state law.

The Clerk of the Court entered default on January 24, 2013. (Doc. 25). On September 19, 2013, the Court granted G & G Events' Motion for Default Judgment;

1 Default Judgment was entered. (Docs. 28, 29). Claiming it is the prevailing party, on
2 October 3, 2013, G & G Events requested an award of costs and attorneys' fees based on
3 the entry of default judgment. (Doc. 30).

## II. LEGAL STANDARD

Pursuant to Local Rule of Civil Procedure ("Local Rule") 54.2(b), a party seeking to recover attorneys' fees must file and serve a motion "within fourteen (14) days of entry of judgment in the action with respect to which the services were rendered." LRCiv 54.2(b)(1). At a minimum, the motion must specify the applicable judgment and the statutory or contractual authority entitling the party to the award, and the amount of attorneys' fees and related non-taxable expenses sought or a fair estimate of such amount. LRCiv 54.2(b)(1)(A)–(B).

> Generally, prevailing parties do not recover attorneys' fees unless there is some statutory or other exception to the American rule. *Middle Mountain Land [&] Produce Inc. v. Sound Commodities Inc.,* 307 F.3d 1220, 1225 (9th Cir. 2002) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257–59 (1975). 47 U.S.C. § 605 provides an exception to the American rule.
>
> Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). A "person aggrieved" includes "any person with proprietary rights in the intercepted communication by wire or radio[,]" 47 U.S.C. § 605(d)(6), or whose rights to a communications service have been violated by unauthorized interception or receipt of the service, 47 U.S.C. § 553(a). *See also J & J Sports Prods., Inc. v. Rezdndiz,* No. 08 C 4121, 2008 WL 5211288, at *2 (N.D. Ill. Dec. 9, 2008) (holding that, under 47 U.S.C. § 553, "it is clearly possible for non-cable operators to be 'aggrieved' as a result of unauthorized interception").
>
> "Courts consistently confirm that 'a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *San Diego Police Officers' Ass'n v. San Diego City Emp[.]'s Ret. Sys.,* 568 F.3d 725, 741 (9th Cir. 2009). A plaintiff, therefore, who obtains a default judgment may be considered a prevailing party for purposes of awarding fees and costs under § 605. *See J & J Sports Prods., Inc. v. Miranda,* No. C 09-1037 SI, 2009 WL 3837273 (N.D. Cal. Nov. 16, 2009).

*J & J Sports Prods., Inc. v. Margaillan*, 13-CV-312-TUC-CKJ, 2014 WL 169801, at *1 (D. Ariz. Jan. 15, 2014).

## III. ANALYSIS

G & G Events has prevailed on its claim for violation of 47 U.S.C. § 605 by obtaining a default judgment. G & G Events is, therefore, entitled to an award of its costs and an award of reasonable attorneys' fees. G & G Events seeks $1,731.72 in costs and $2,478.75 in attorneys' fees. (Doc. 30 at 3).

### A. Costs Under Local Rule 54.1

G & G Events' motion seeks costs in the amount of $1,731.72. (Doc. 30 at 3). To support its claim, G & G Events submits a Bill of Costs pursuant to Local Rule 54.1 (Ex. A, Doc. 50 at 5) and a "Cost Detail" as part of its attorneys' fees' "Timekeeper Summary" pursuant to Local Rule 54.2 (Ex. 1 of Ex. C, Doc. 30 at 17). Notably, the Bill of Costs requests $3,700.00 in taxable costs, which include a $350.00 filing fee, $1,600.00 for service of process, and $1,750.00 for "investigative expenses." In contrast, the Cost Detail requests $1,731.72, which includes a $50.00 for pro hac vice charge, $11.72 for photocopies, duplicative $600.00 investigative expenses, duplicative $720.00 service of process charges, and a duplicative $350.00 filing fee.

Nonetheless, in its Motion, G & G Events explains that, "[w]ith respect to costs, pursuant to Local Rule 54.1, Plaintiff shall file a bill of costs on a form provided by the Clerk. LRCiv 54.1(a)." (Doc. 21 at 2). In the same paragraph, Plaintiff explains that it seeks to recover "investigator" costs as "other" costs. *Id.* Then, in the next paragraph, Plaintiff distinguishes the procedural justification for its request for costs with that of attorneys' fees. *Id.* ("With respect to attorneys' fees, pursuant to Local Rule 54.2 . . ."). G & G Events does not again mention a procedural basis for its request for costs. Thus, the Court construes G & G Events' request for $1,731.12 in costs to be a request for taxable expenses under Local Rule 54.1, as listed in the Bill of Costs submitted with the Motion.

Under Local Rule 54.1(a), a "party entitled to costs shall . . . file with the Clerk of

the Court . . . a bill of costs on a form provided by the Clerk." LRCiv 54.1(a). Therefore, G & G Events' request that the Court award taxable expenses pursuant to Local Rule 54.1 is both misplaced and moot. (*See* April, 7, 2014 Minute Order, Doc. 31 (wherein the Clerk of the Court enters a taxation judgment pursuant to the Bill of Costs). Accordingly, the Court will not consider G & G Events' request for $1,731.72 in costs.[1]

### B.   Attorney's Fees Under Local Rule 54.2

G & G Events' Motion seeks attorneys' fees in the amount of $2,478.75. (Doc. 30 at 3). Local Rule 54.2 sets forth factors that are to be discussed, as appropriate, that "bear[] on the reasonableness of the requested attorneys' fee award[.]" LRCiv 54.2(c)(3). The Court has considered the factors as discussed by counsel (Doc. 30 at 1–3; *id.* at Ex. C), including the time and labor of counsel and his administrative assistant. The Motion includes preparation of the Motion for an Award of Costs and Attorneys' Fees in the request. However, "[i]f the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable expenses, such party also must cite the applicable legal authority supporting such specific request." LRCiv 54.2(c)(2); *see also Moshir v. Automobili Lamborghini Am. LLC,* 927 F. Supp. 2d 789, 804 (D. Ariz. 2013). G & G Events provides no authority for an award for the preparation of the pending motion. (*See* Doc. 30 at 1–3). Therefore, the Court will reduce the requested award by $750.00,[2] the amount requested for the preparation of the pending motion.

Additionally, G & G Events provides no justification as to the reasonableness of awarding fees (and thereby penalizing Defendants) related to G & G Events' counsel's

---

[1] The Court also notes that to the extent G & G Events requests the Court to direct the Clerk of the Court to award investigative expenses under Local Rule 54.1(e)(10) ("[o]ther items may be taxed with prior Court approval"), G & G Events does not assert that it "obtained prior Court approval" (*see* Doc. 21). Thus, the Court denies the request. *Margaillan*, 2014 WL 169801, at *2; *J & J Sports Prods., Inc. v. Mosqueda*, CV-12-00523-PHX-DGC, 2013 WL 5336848, at *2 (D. Ariz. Sept. 24, 2013).

[2] $750.00 includes $75.00 for administrative assistant time (1.00 hour at $75.00 per hour), $450.00 for paralegal time (3.0 hours at $150.00 per hour) and $225.00 for attorney time (0.50 hours at $450.00 per hour).

- 4 -

failure to timely serve the Complaint or avoid appearing in person at a show cause hearing held by the Court. (*See* Docs. 12–23). Therefore, the Court will reduce the requested award by a further $450.00.[3] The remaining number of hours expended in this case as set forth in the Motion is reasonable. (*See* Ex. 1 of Ex. C, Doc. 30 at 14–17). Additionally, in light of counsel's experience and specialized knowledge, the Court finds the charged hourly rates, as set forth in the motion, are reasonable. *Id.; Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Accordingly, the Court finds an award of $1,278.75 for attorneys' fees is appropriate.[4]

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff G & G Events' Motion for Award of Costs and Attorneys' Fees (Doc. 30) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $1,278.75 in attorneys' fees. The Clerk of the Court shall enter an amended judgment in this case reflecting the award of attorneys' fees.

Dated this 15th day of April, 2014.

James A. Teilborg
Senior United States District Judge

---

[3] $450.00 includes $112.50 for administrative assistant time (three instances—10/01/12, 11/20/12, and 11/21/12—of 0.50 hours at $75.00 per hour) and $337.50 for attorney time (three instances—10/01/12, 11/20/12, and 11/21/12—of 0.25 hours at $450.00 per hour).

[4] To the extent that G & G Events has moved for reimbursement of a $50 pro hac vice charge and $11.72 in photocopies as non-taxable expenses under LRCiv 54.2, the Court denies the request. G & G Events has neither argued that it was reasonable nor provided any legal authority demonstrating that pro hac vice fees are reimbursable. *See Caron v. Lifestyle Crafts, LLC*, No. 12-CV-00124-PHX-NVW, 2013 WL 791287, at *4 (D. Ariz. Mar. 4, 2013) ("pro hac vice applications . . . are not reimbursable costs and will be excluded from the fee award"). With regard to $11.72 in photocopying expenses, G & G Events has not itemized, identified, or verified the expense "with particularity." *See* LRCiv 5.2(e)(3).